IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **Kreienbaum Neoscience GmbH**, <br><br>                    Plaintiff, <br>v. <br><br>**ELITechGroup, Inc.**, <br><br>                    Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:23-CV-00245-JNP-CMR <br><br> District Judge Jill N. Parrish <br> Magistrate Judge Cecilia M. Romero |

Plaintiff elected to file its breach of contract action against Defendant in federal court. ECF No. 1. Defendant now moves to dismiss Plaintiff's complaint pursuant to the *forum non conveniens* doctrine, arguing that the parties' contract contains a forum selection clause that precludes Plaintiff's choice of venue. ECF No. 13. The forum selection clause in the parties' contract states that "any dispute . . . is to be submitted to the Court with official jurisdiction nearest to LOGAN, Utah (USA) or nearest Court with official jurisdiction for Wescor products." ECF No. 1-2, at 8. The parties dispute this clause's proper interpretation and effect.

**LEGAL STANDARD**

The *forum non conveniens* doctrine permits dismissal of an action when an adequate alternative forum exists in another judicial system to which there is no mechanism to transfer a case. *Kelvion, Inc. v. Petrochina Can., Ltd.*, 978 F.3d 1088, 1091 (10th Cir. 2019) (citing Charles Alan Wright et al., 14D Fed. Prac. & Proc. Juris. § 3828 (4th ed., Nov. 2018 update)). Several factors guide a district court's determination regarding whether to dismiss an action pursuant to *forum non conveniens* based on a forum selection clause. *Id.* (citing *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 60 (2013)). "At the outset, a court must determine whether the forum-selection clause controls. If the clause controls and points to a state or foreign forum,

then the court may apply the doctrine of *forum non conveniens*. . . . When determining whether to dismiss for *forum non conveniens*, the court grants no weight to the plaintiff's choice of forum or the parties' private interests, since these are deemed to have been fully expressed in the contract and weigh in favor of dismissal. . . . A 'valid forum-selection clause should be given controlling weight in all but the most exceptional cases.'" *Id.*

A forum selection clause should be interpreted through ordinary contract interpretation principles. *Id.* at 1092 (citing *Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 925 (10th Cir. 2005); *K & V Scientific Co. v. Bayerische Motoren Werke Aktiengesellschaft ("BMW")*, 314 F.3d 494, 497 (10th Cir. 2002)). Among these principles, the "cardinal rule is to give effect to the intentions of the parties and, if possible, to glean those intentions from the contract itself." *Heiner v. S.J. Groves & Sons Co.*, 790 P.2d 107, 110 (Utah Ct. App. 1990) (quoting *LDS Hosp. v. Capitol Life Ins. Co.*, 765 P.2d 85, 858 (Utah 1988)). As a result, "[i]f the language within the four corners of the contract is unambiguous, the parties' intentions are determined from the plain meaning of the contractual language, and the contract may be interpreted as a matter of law." *Trans-Western Petroleum, Inc. v. United States Gypsum Co.*, 584 F.3d 988, 993 (10th Cir. 2009) (citing *Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, 201 P.3d 966, 97 (Utah 2009)).

**ANALYSIS**

The forum selection clause in the parties' contract states that "any dispute arising from this Agreement is to be submitted to the Court with official jurisdiction nearest to LOGAN, Utah (USA) or nearest Court with official jurisdiction for Wescor products." ECF No. 1-2, at 8. Plaintiff argues that its agreement to the forum selection clause did not foreclose its right to bring this action in federal court. The court disagrees, and as a result, grants Defendant's motion to dismiss.

Forum selection clauses come in two varieties: mandatory and permissive. A mandatory

forum selection clause contains "clear language showing that jurisdiction is appropriate only in the designated forum." *Excell, Inc. v. Sterling Boiler & Mech.*, 106 F.3d 318, 321 (10th Cir. 1997) (citation omitted). A permissive forum selection clause, on the other hand, is an agreement between parties on one or more acceptable forums that does not "prohibit litigation elsewhere." *Id.* In the Tenth Circuit, the distinction between mandatory and permissive forum selection clauses turns on whether the clause identifies an obligatory venue (in which case the clause is mandatory) or merely specifies a proper jurisdiction (in which case the clause is permissive absent additional language demonstrative of the parties' "intent to make venue exclusive"). *K & V Scientific Co.*, 314 F.3d at 499 (quoting *Paper Express, Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992)). The forum selection clause in the parties' contract is mandatory because it does not merely invoke a nonexclusive jurisdiction; it requires "any dispute" under the contract "to be submitted" to a particular venue. Claims must be brought in "the Court with official jurisdiction nearest to LOGAN, Utah (USA)[.]"[1] ECF No. 1-2, at 8.

Having established the mandatory nature of the forum selection clause, the court now turns to the clause's proper interpretation. Plaintiff suggests that when the parties agreed to bring their contract disputes in "*the* Court . . . nearest to Logan, Utah[,]" ECF No. 1-2, at 8 (emphasis added), they somehow agreed to more than one permissible forum. This in an untenable interpretation of the contract. "The court" is an unambiguously singular phrase.[2] Plaintiff is correct, of course, that the parties did not explicitly agree to bring their contract claims in "the *state* court" nearest to

---

[1] As Defendant notes in its motion, the latter half of the forum selection clause does not appear to be implicated in this dispute because there is "no dispute over ELITech's products" at issue. ECF No. 13, at 6. The court therefore focuses its analysis on the first limitation on forum selection in the contract, which it quotes here. *See* ECF No. 1-2, at 8.

[2] *See, e.g., CSX Transp., Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 471 (2d Cir. 2018) (citing *Nat'l Foods, Inc. v. Rubin*, 936 F.2d 656, 660 (2d Cir. 1991) ("'[T]he' court refers to the court out of which the restraining notice issued. The use of the definite article 'the' indicates a singular court, whereas the indefinite article 'any' or 'a' denotes multiple courts.").

Logan city. But there is no room for the court to read such an ambiguity into the contract's plain language. The forum selection clause permits the parties to bring their disputes in one forum: the court nearest to Logan city that has jurisdiction to hear the dispute. That court is not this one. The forum selection clause requires the parties to bring contract actions in the state court that sits in Logan city because that is the nearest court with jurisdiction to hear such cases.

Plaintiff's next argument is that even if the parties agreed to submit their contract claims to the court nearest to Logan, Utah, it could nonetheless bring its claim in this court because it has not clearly and unequivocally waived its federal statutory right to invoke this court's diversity jurisdiction. *See Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992) (citing *Regis Assocs. v. Rank Hotels (Management), Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990)). Plaintiff correctly states that waiver of that right must be "clear and unequivocal." *See Gas Sensing Tech. Corp. v. Ashton*, 795 Fed. App'x 1010, 1016 (10th Cir. 2020) (unpublished) (quoting *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1098 (10th Cir. 2017), *cert. denied*, 138 S. Ct. 983, 200 L. Ed. 2d 249 (2018)). But in the Tenth Circuit, a mandatory forum selection clause necessarily satisfies that waiver requirement. *Id.* (citing *Am. Soda, LLP*, 428 F.3d at 927) ("To constitute a waiver of the right to remove, the agreement must not only identify a specific venue but also include language requiring the parties to resolve disputes in a specific court."). Because the forum selection clause in the parties' contract is mandatory, Plaintiff necessarily waived the right to invoke this court's diversity jurisdiction.

The court must now address Defendant's motion to dismiss. "Forum selection provisions are 'prima facie valid[,]'" *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 957 (10th Cir. 1992) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9 (1972)), and neither party has contested the clause's applicability. As a result, the forum selection clause "should control" in

all but "unusual cases." *See Atl. Marine Constr. Co.*, 571 U.S. at 59. Because the parties' private interests were expressed through their agreement to the forum selection clause, the court may consider "public-interest factors only[,]" which "rarely defeat" a *forum non conveniens* motion to enforce a binding forum selection clause.[3] Besides its asserted statutory right to invoke this court's diversity jurisdiction, Plaintiff raises no public interest argument against the enforcement of the forum selection clause. The court therefore concludes that it must give the mandatory clause in the parties' contract controlling weight. As a result, the court grants Defendant's *forum non conveniens* motion to dismiss. Plaintiff will then have the opportunity to pursue its claim in "the Court . . . nearest to Logan, Utah[,]" as its contract with Defendant requires. ECF No. 1-2, at 8.

**ORDER**

Consistent with this Memorandum Decision and Order, Defendant's Motion (ECF No. 13) is **GRANTED** and Defendant's claim is **DISMISSED** without prejudice pursuant to the doctrine of *forum non conveniens*.

Signed December 5, 2023

BY THE COURT

Jill N. Parrish
United States District Court Judge

---

[3] The following public interest factors may be considered by the court in determining whether to deny Defendant's motion to dismiss notwithstanding the forum selection clause: "(1) administrative difficulties of the courts with congested dockets which can be caused by cases not being filed at their place of origin; (2) the burden of jury duty on members of a community with no connection to the litigation; (3) the local interest in having localized controversies decided at home; and (4) the appropriateness of having diversity cases tried in a forum that is familiar with the governing law." *Archangel Diamond Corp. Liquidating Trust v. OAO Lukoil*, 812 F.3d 799, 808 (10th Cir. 2016) (quoting *Gschwind v. Cessna Aircraft Co.*, 161 F.3d 602, 606 (10th Cir. 1998)). As noted above, Plaintiff has failed to argue that any one of these factors weighs against enforcing the forum selection clause.